UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| LAURA INEZ RICHARD, ) | Case No. 16-42080-659 |
| ) | Chapter 13 |
| ) | |
| Debtor. ) | |

**O R D E R**

  The matters before the Court are Notice of Hearing and Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to Michael Doyel, Response to Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to Michael Doyel, Joint Stipulation of Facts in Consolidated Cases, Summary of Trustee's Legal Position in Supporting of Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to Local Attorneys Michael Doyel, John Caraker & Andrew Magdy, and Consolidated Response to Summary of Trustee's Legal Position in Support of Trustee's Motions for Order Directing Upright Law to Disgorge Attorney Fees and Directing that Trustee Pay Attorney Fees to Local Attorneys Michael Doyel, John Caraker & Andrew Magdy.  A hearing was held on August 9, 2016, which was continued to October 6, 2016 and then to November 14, 2016.  The matter was then taken under submission.  Upon a consideration of the record as a whole, the Court makes the following **FINDINGS OF FACT:**

  The Trustee filed Notice of Hearing and Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to Michael Doyel in the above-referenced case.  Upright Law LLC filed Motion to Upright Law LLC to Consolidate Cases seeking to consolidate this case with five other cases in which the Trustee had filed substantially identical motions which raised the same factual and legal issues for purposes of resolving the

Trustee's motions.  The Court entered an Order granting Motion of Upright Law LLC to Consolidate Cases and consolidated:

Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to Michael Doyle filed in Case No. 16-42080-659

Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to John Caraker filed in Case No. 16-42840-399

Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to John Caraker filed in Case No. 16-43227-659

Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to Andrew Magdy filed in Case No. 16-20099-705

Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to Andrew Magdy filed in Case No. 16-10094-399

Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to Andrew Magdy filed in Case No. 16-40505-399 (hereinafter collectively "Consolidated Cases").

The parties stipulated to the following facts in the Joint Stipulation of Facts in Consolidated Cases (hereinafter "Joint Stipulation of Facts").  Law Solutions Chicago LLC is an Illinois limited liability company, registered in Missouri as a foreign limited liability company with the authority to engage in commerce in Missouri.  Joint Stipulation of Facts, ¶1.  Law Solutions Chicago LLC is doing business in Missouri under the registered name Upright Law LLC (hereinafter "Upright Law"). Joint Stipulation of Facts, ¶2.  Upright Law is headquartered in Chicago, Illinois (hereinafter "Home Office"). Joint Stipulation of Facts, ¶3.  Upright Law has three general partners and 300 limited partners. Joint Stipulation of Facts, ¶5.  Kevin Chern is the managing partner of Upright Law.  Joint Stipulation of Facts, ¶4.  All of the partners in Upright Law are attorneys.  Joint Stipulation of Facts,

¶6. All of the partners in Upright Law are required to and have executed a Partnership Agreement with Upright Law.  Joint Stipulation of Facts, ¶7.

Michael E. Doyel (hereinafter "Mr. Doyel") is a partner in Upright Law.  Joint Stipulation of Facts, ¶8. Mr. Doyel executed a partnership agreement with Law Solutions Chicago LLC on April 24, 2014 (hereinafter "Doyel Partnership Agreement").  Under the Doyel Partnership Agreement, Mr. Doyel is a non-equity, non-voting member of Law Solutions Chicago LLC.  Joint Stipulation of Facts, ¶10. Within the Doyel Partnership Agreement, both Mr. Doyel and Upright Law acknowledge that Mr. Doyel may engage in outside interests, including the practice of law individually or in connection with another firm or entity.  Joint Stipulation of Facts, ¶11. Mr. Doyel also operates the Law Office of Michael E. Doyel, LLC in St. Louis, Missouri, where he practices law unaffiliated with Upright Law.  Joint Stipulation of Facts, ¶12.

John Caraker (hereinafter "Mr. Caraker") is also a partner in Upright Law.  Joint Stipulation of Facts, ¶13.  Mr. Caraker executed a partnership agreement with Law Solutions Chicago LLC on March 10, 2015 (hereinafter "Caraker Partnership Agreement").  Joint Stipulation of Facts, ¶14. Under the Caraker Partnership Agreement, Mr. Caraker is a non-equity, non-voting member of Law Solutions Chicago LLC.  Joint Stipulation of Facts, ¶15.  Within the Caraker Partnership Agreement, both Mr. Caraker and Upright Law acknowledge that Mr. Caraker may engage in outside interests, including the practice of law individually or in connection with another firm or entity.  Joint Stipulation of Facts, ¶16.  Mr. Caraker also operates John C. Caraker P.C. in St. Louis, Missouri, where he practices law unaffiliated with Upright Law.  Joint Stipulation of Facts, ¶17.

Andrew Magdy (hereinafter "Mr. Magdy") is a partner in UpRight Law.  Joint Stipulation of Facts, ¶18.  Mr. Magdy executed a partnership agreement with Law Solutions Chicago LLC on September 12, 2015 (hereinafter "Magdy Partnership Agreement").  Joint Stipulation of Facts, ¶19.  Under the Magdy Partnership Agreement, Mr. Magdy is a non-equity, non-voting member of Law Solutions Chicago LLC.  Joint Stipulation of Facts, ¶20.  Within the Magdy Partnership Agreement,

both Mr. Magdy and Upright Law acknowledge that Mr. Magdy may engage in outside interests, including the practice of law individually or in connection with another firm or entity. Joint Stipulation of Facts, ¶21. Mr. Magdy also operates The Law Office of Andrew Magdy, LLC in St. Louis, where he practices law unaffiliated with Upright Law. Joint Stipulation of Facts, ¶22.

The Doyel Partnership Agreement, the Caraker Partnership Agreement, and the Magdy Partnership Agreement (hereinafter collectively "Partnership Agreements") are identical in form and substance. Joint Stipulation of Facts, ¶23. The Partnership Agreements provide for the allocation of duties and responsibilities between Upright Law and its attorneys on behalf of their clients. Under the terms of the Partnership Agreements, Upright Law, through its Home Office, performs the following duties:

- Serves as the initial contact for new client calls;
- Schedules and confirms retention appointments;
- Prepares intake forms and other agreements related to the retention meeting;
- Fields calls from clients, creditors, and opposing counsel;
- Collects and processes client payments;
- Refers client inquiries, and opposing counsel or creditor calls Upright attorneys;
- Provides staff attorneys or legal professionals to assist with certain legal inquiries that are not state specific;
- Obtains legal malpractice insurance for losses related to the cases in which its attorneys provide representation;
- Makes regular fee distributions to its attorneys; and
- Provides regular accountings to its attorneys.

Joint Stipulation of Facts, ¶25.

In addition to Upright Law's duties and responsibilities, Upright Law also provides the following services for its attorneys:

- Prepares and distributes annual IRS Schedule 1065 K-1 partner distribution tax forms, reporting patterns distributions made in the prior year;
- Purchases and delivers business cards reflecting its attorneys relationship with Upright Law;
- Procures and licenses case management software that its attorneys use to track activities on Upright Law cases;
- Licenses bankruptcy petition preparation software, installed on Upright Law's servers and accessed remotely by its attorneys to prepare Upright Law cases;
- Hosts partnership meetings via virtual meeting room at least once every sixty (60) days;

- Hosts an annual partnership meeting; and
- Handles various administrative functions for its attorneys, such as: fielding administrative questions from clients, performing all accounting functions, collecting fees from clients, handling creditor verification calls, purchasing advertising for Upright Law, marketing Upright Law's services, responding to consumer inquiries for legal services, hiring and employing Upright Law employees, training Upright Law employees, managing Upright Law employees, providing human resources management and benefits, managing Upright Law's finances and other administrative functions.

Joint Stipulation of Facts, ¶26.

Under the terms of the Partnership Agreements, the duties and responsibilities of its attorneys include:

- Notifying clients acquired by Upright Law and third parties of its attorneys relationship with Upright Law;
- Notifying Upright Law whether there is an existing or potential conflict of interest in client representation;
- Availability for new client consultations on a weekly basis and coordinating with Upright Law to schedule same;
- Sharing all work product generated by its attorneys with clients obtained by Upright Law, including bankruptcy petitions, schedules, Chapter 13 plans, court pleadings, motions and discovery requests, and when necessary, reviewing any such work product generated by Upright Law;
- Recording times spent and tasks concluded by its attorneys in Upright Law's database, providing updates pertinent to each case in the database, and creating uploading digital copies of all documents gathered into the database;
- Forwarding and/or uploading all notices and correspondence to Upright Law and to clients' records in the database;
- Providing client consultation and advising or consulting with clients about all matters related to the case;
- Engaging support staff, as needed, for post-petition tasks; and
- Conducting all work related to the case, including preparing and filing a bankruptcy petition and plan, fulfilling all trustee document requests, appearing at all hearings and other work required to obtain a discharge of debt under Chapter 7 or 13.

Joint Stipulation of Facts, ¶27.

In addition to duties and responsibilities, its attorneys also have privileges and

responsibilities, which include, but are not limited to:

- Its attorneys are invited to attend partnership meetings that are hosted via a virtual meeting room at least every sixty (60) days and are invited to attend an annual partnership meeting of Upright Law;
- Its attorneys are entitled to a share of a profit sharing pool, along with all other Missouri licensed attorneys of Upright Law, based on all profits derived in the State of Missouri;

-5-

- Its attorneys receive bi-weekly distributions of their respective share of fees from Upright Law that are deposited into an account in the its attorneys personal name, and not into the account of any other law firm;
- Its attorneys receive an IRS Schedule 1065 K-1 partner distribution tax form at the start of the year;
- Its attorneys disclose all payments made by a debtor in a case to Upright Law on the Statement of Financial Affairs, properly disclose the compensation received by Upright Law on the Compensation Statement, and sign each Voluntary Petition under his own name as "Partner, Upright Law LLC"; and
- Its attorneys are required to disclose Upright Law's co-location on the debtor's voluntary petition.

Joint Stipulation of Facts, ¶28.

Its attorneys must obtain a second CM/ECF login for use only on Upright Law cases. Mr. Caraker, Mr. Doyel and Mr. Magdy have all done this, as reflected in pleadings and documents filed in the Consolidated Cases. Joint Stipulation of Facts, ¶29. The Partnership Agreements provide for the collection of all initial fees by Upright Law and a subsequent allocation of earned fees between Upright Law and the its attorneys. Joint Stipulation of Facts, ¶30. The Partnership Agreements provide that in Chapter 13 cases its attorneys shall receive one hundred percent (100%) of all post-petition fees distributed, provided that its attorneys perform all of the post-petition work as required in each case. Joint Stipulation of Facts, ¶31.

In each of the Consolidated Cases, the named debtors engaged Upright Law to provide legal services in connection with his or her Chapter 13 bankruptcy case. Joint Stipulation of Facts, ¶32. In each of the Consolidated Cases, the named debtor agreed to payment of a $4,000.00 flat fee. Joint Stipulation of Facts, ¶33. In each of the Consolidated Cases, the named debtors made an initial pre-petition payment to Upright Law which was disclosed to the Court through the Statement of Financial Affairs. Joint Stipulation of Facts, ¶34. In each of the Consolidated Cases, the named debtor's Chapter 13 plan provides for the balance in attorney fees to be disbursed to Upright Law through the Chapter 13 plan. Joint Stipulation of Facts, ¶35. Under the terms of the Partnership Agreements, its attorneys will be entitled to collect from Upright Law all post-petition distributions made through the Chapter 13 plan, provided that its attorneys perform all of his

contractual obligations in a case. Joint Stipulation of Facts, ¶36. In each of the Consolidated Cases, Mr. Doyel, Mr. Caraker and Mr. Magdy took the following actions:

- performed client consultations;
- collected client pay advices, tax returns, and other due diligence documents;
- prepared and filed the petition, plan, and schedules;
- appeared at the meeting of creditors; and
- appeared at the confirmation hearing

Joint Stipulation of Facts, ¶37.

On August 9, 2016, a hearing took place at which Kevin Chern, managing partner for Upright Law, appeared and testified regarding the relationship between Upright Law and its attorneys across the country. The Court then continued the hearing to October 6, 2016, to allow time for parties to seek an advisory opinion from the Missouri Office of the Chief Disciplinary Counsel regarding the following issues:

1) Are the attorneys and Upright Law a single law firm for purposes of Rule 4 of the Missouri Rules of Professional Conduct?
2) Assuming the attorneys and Upright Law are a single law firm for purposes of Rule 4, does the manner in which the propose to share the $4,000 legal fee violate any Rules of Professional Conduct?
3) In the event that the attorneys and Upright Law do not form a single law firm, but rather are two separate firms, does the manner in which they propose to share the legal fee violate Rule 4-1.5 or any other rule of the Missouri Rules of Professional conduct?

In response to this inquiry, Melinda J. Bentley, Legal Ethics Counsel with the Advisory Committee of the Supreme Court of Missouri advised that her office declined to give an informal opinion concerning any of the issued raised by the parties. The matter was then continued to November 14, 2016. The parties then filed Joint Stipulation of Facts in Consolidated Cases, Summary of Trustee's Legal Position in Supporting of Trustee's Motion for Order Directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to Local Attorneys Michael Doyel, John Caraker & Andrew Magdy, and Consolidated Response to Summary of Trustee's Legal Position in Support of Trustee's Motions for Order Directing Upright Law to Disgorge Attorney Fees and Directing that Trustee Pay Attorney Fees to Local Attorneys Michael

-7-

Doyel, John Caraker, & Andrew Magdy. At the November 14, 2016 continued hearing, the parties appeared by counsel and presented oral argument.

The Trustee argues that Law Solutions Chicago LLC and local attorneys Mr. Doyel, Mr. Caraker and Mr. Magdy are not in the same law firm for purposes of Rule 4-1.5(e) of the Missouri Rules of Professional Conduct and the fee sharing agreement between them violates this rule. Upright Law argues that they have formed a single law firm with Mr.Doyel, Mr. Caraker and Mr. Magdy and that the sharing of fees among them does not violate federal bankruptcy law or the Missouri Rules of Professional Conduct.

## **CONCLUSIONS OF LAW**

This is a case about the status of three attorneys and a company with whom each attorney signed Partnership Agreements for purposes of fee-splitting. The questions presented are whether Upright Law has combined with Mr. Doyel, Mr. Caraker and Mr. Magdy to form one law firm under the Missouri Rules of Professional Conduct and whether their fee-splitting arrangement is in violation of the Missouri Supreme Court Rules of Professional Conduct or the Bankruptcy Code. This Court finds that each attorney has contracted with separate entity, Upright Law, to share fees in violation of Bankruptcy Code Section 504. This violation of Section 504 requires the disgorgement of fees paid to Upright Law.

**I. Same or Separate Law Firms**

The first issue is whether Upright Law has formed one law firm with Mr. Doyel, Mr. Caraker and Magdy for purposes of Rule 4-1.0(c) of the Missouri Supreme Court Rules of Professional Conduct. Rule 4-1.0(c) states, "firm or 'law firm' denotes a lawyer or lawyers in a law partnership, professional corporation, sole proprietorship or other association authorized to practice law; or lawyers employed in a legal services organization or the legal department of a corporation or other organization". Comment [2] of Rule 4-1.0 state that whether two or more lawyers constitute a firm within the rule can depend on the specific facts.

Mr. Doyel, Mr. Caraker and Mr. Magdy are all solo practitioners who practice bankruptcy law in the St. Louis area. Resetting the public recollection that each is no longer a solo practitioner— as they all have been to the St. Louis public for many years— is not an easy task and requires the presence of very strong factors in favor of a complete merger of their law practices with Upright Law.  The second comment of Rule 4-1.0 highlights the importance of how practitioners "present themselves to the public". The comment provides two ways of presentation in which practitioners should be regarded as one firm for purposes of the rules: 1) operate in a manner that suggests they are a firm or 2) conduct themselves as a firm. For this Court to find that one law firm exists, enough factors must be present to support that they present themselves in a manner that suggests they are one firm or conduct themselves as one firm to the public.

Looking only to the factors regarding the representation of clients acquired by Upright Law greatly distorts the true view of the public. For a balanced determination, this Court must look to facts regarding each attorney's solo practice *and* their practice with Upright Law to see the complete picture displayed to the public. Upright Law has executed Partnership Agreements with each of the attorneys that they allege created a legal partnership, making the attorneys now one firm with Upright Law. The second comment to Rule 4-1.0 states that the terms of any formal agreement between lawyers are relevant in determining whether they are a firm. The comments however, do not suggest that an agreement alone is enough. The Court notes that an agreement of this sort is always relevant, but not always conclusive. Therefore, this Court finds that the Partnership Agreements alone is not a conclusive factor, but rather one of several factors to be considered in the inquiry.

The Court is guided by the recent Missouri case of *Brady v. Starke*, 517 S.W. 3d 28 (Mo. Ct. App. 2017), in identifying factors relevant to Rule 4-1.0(c). In *Brady*, the issue was whether a fee-sharing agreement between two attorneys, Brady and Starke, in the case of a mutual client is enforceable, making Rule 4-1.5(e) of the Missouri Supreme Court Rules of Professional Conduct,

which address division of fees by lawyers not in the same firm, inapplicable. The Missouri Court of Appeals determined that the enforceability of the fee-sharing agreement depended on whether the attorneys sharing office space were in a firm together or members of separate legal entities. *Brady,* 517 S.W. at 33. The Missouri Court of Appeals identified the following factors in favor of both attorneys holding themselves out to the public as one firm:

- Shared office space;
- Large stand-alone sign in front of office space reading "Starke Law Offices" with one phone number listed;
- Door to their offices reads "Law Offices" and lists only Starke's number;
- The names of both attorneys are listed on the door underneath only Starke's number;
- Only one public entrance to the building;
- Single, shared reception area between the attorneys;
- Common for Brady's clients to call Starke's number to reach Brady;
- Sharing of other common areas, such as kitchen and conference room;
- Use of same intake forms, Brady used forms with Starke's name listed; and
- Starke's paralegal regularly transferred new clients to Brady when Starke was not available.

The Missouri Court of Appeals held that the lawyers were one firm because they presented themselves to the public in a way that suggested they are a firm, therefore, they should be regarded as one firm. This finding lead the Missouri Court of Appeals to find the fee-sharing agreement enforceable and Rule 4-1.5(e) inapplicable. The Missouri Court of Appeals ultimately found that to the general public, there was no visible way to distinguish the attorneys as separate legal entities. See *Brady v. Starke*, 517 S.W. 3d 28, 36 (Mo. Ct. App. 2017).

**A. Factors Considered**

Mr. Doyel, Mr. Caraker and Mr. Magdy (hereinafter collectively "Local Attorneys") have each maintained their solo practice while accepting clients from Upright Law. The Partnership Agreements provide that each Local Attorney could maintain their law practice while partnered with Upright Law. On Upright Law's website, the Local Attorneys are listed under the "Our Attorneys" tab. The Local Attorneys have separate CM/ECF logins affiliated with Upright Law to use for their Upright Law clients. In every case of a client obtained by Upright Law, Upright Law does the

administrative functions and the Local Attorneys perform all legal work in the bankruptcy. The Partnership Agreements requires Local Attorneys to attend partner meetings held virtually every 60 days. Upright Law also maintains malpractice insurance on each of the Local Attorneys, but only in relation to the Upright Law clients shared between them. Local Attorneys use forms provided by Upright Law for their mutual clients, and both have access to files of these clients. As partners with UpRight Law, the Local Attorneys have no equity, interest, or voting rights within UpRight Law.

Although the facts surrounding the Partnership Agreements between the Local Attorneys and Upright Law alone may seem to suffice as support for the existence of a single legal entity, the picture of public presentation is not yet complete. As mentioned, the Partnership Agreements allow for the Local Attorneys to maintain "outside interests," such as continued participation in their own law practices. A significant part of the public presentation is the solo practice of the Local Attorneys. Every client represented by the Local Attorneys is not funneled to them through Upright Law. In fact, these Local Attorneys made the choice to exercise their right to engage in their separate law practice. When representing clients unaffiliated with Upright Law, the Local Attorneys do not share fees earned with Upright Law. The mutual benefit shared by Upright Law and each of the Local Attorneys flows one way— only when Upright Law acquires the client. In the general setting of a law firm, both the firm and the attorney within the firm benefit whether the attorney acquired the client on his own, or the firm assigned the client to the attorney. Success for the attorney is also success for the firm, and the success of the firm gives the attorney the benefit of belonging to a reputable firm. The relationship between an attorney and his firm is a symbiotic relationship regardless of method of client acquisition.

Just as the flow of benefits should go both ways, so should the flow of affiliation. Although the Local Attorneys are listed on Upright Law's website and contacting Upright Law's Home Office in Chicago can lead a potential client to any of the Local Attorneys, contacting the Local Attorneys through his own contact information does not lead a client to Upright Law. The only way to Upright

Law is to go straight to Upright Law. A general member of the public searching for a local bankruptcy attorney could easily find any of the Local Attorneys without associating them with Upright Law.

In addition to a one-way flow of benefits and affiliation, the attorneys do not share a number with Upright Law, or each other, nor is there common office space among them provided by Upright Law, despite all three attorneys practicing in the St. Louis metropolitan area. Malpractice insurance provided by Upright Law does not cover the clients served by the Local Attorneys' personal practices. Although Upright Law provides administrative support on their mutual clients, the Local Attorneys still employ their own support staff for Upright Law clients and non-Upright Law clients. On court dockets, the practice names of the Local Attorneys are not in Upright Law's name unless they have an Upright Law client, and each Local Attorney maintains a separate CM/ECF login from their Upright Law login for their solo practice.

The lack of complete integration between Upright Law and the practice of each of the Local Attorneys more strongly suggests that overall, Upright Law is nothing more than another method of client acquisition for the Local Attorneys. Mr. Doyle stated, "the staff at the Chicago office only serves administrative functions." Debtor's Response to Trustee's Objection to Confirmation, ¶ 7. Upright Law is holding itself out to the public in a manner that strongly suggests that Upright Law is nothing more than a lawyer referral agency that completes administrative screening work, then refers the case to attorneys to take on the legal work.

This Court finds that Mr. Doyel, Mr. Caraker and Mr. Magdy are not part of a single legal entity with Upright Law. The two ways each of the Local Attorneys hold themselves out to the public— as affiliates or non-affiliates— makes it difficult to conclude that the public has no visible way to distinguish them as separate legal entities. As long as the Local Attorneys continue to maintain practices separate and unaffiliated with Upright Law in plain view of the public, they cannot

be deemed to have suggested or conducted themselves as one law firm for purposes of Rule 4-1.0(c).

## II. Disgorgement of Legal Fees

As separate legal entities, the Local Attorneys agreement to split fees must comply with the Bankruptcy Code section 504 to avoid the disgorgement the Trustee requested. Section 504(b)(1) states, "A member, partners, or regular associate in a professional association, corporation, or partnership may share compensation or reimbursement received under section 503(b)(2) or 503(b)(4) of this title with another member, partner, or regular associate in such association, corporation, or partnership…." The Bankruptcy Code does not permit fee sharing between attorneys not in the same firm, however Rule 4-1.5(e) of the Missouri Supreme Court Rules of Professional Conduct does permit it. When state rules of professional conduct are in direct conflict with the Bankruptcy Code, the state rules are superseded by the Bankruptcy Code. The particular policy considerations that led Congress to prohibit the allowance of virtually all referral fees in bankruptcy cases supersedes any state law to the contrary. *In re Smith*, 397 B.R. 810, 819 (Bankr. E.D. Texas 2008). "A professional cannot escape the reach of § 504 by relying upon the fact that a fee-sharing arrangement with attorneys outside his firm may be acceptable in other circumstances in other jurisdictions." *Id.* at 818. A finding that a fee sharing agreement is in violation of Section 504 requires disgorgement of the fees.

It is important to note that this Court is not against innovation within the legal practice. Innovation should be welcomed when it provides an opportunity to bring better service to clients. The virtual law firm Upright Law has established has potential to help many clients, but their way of operation still leaves much to be desired. Congress does its best to create laws that anticipate and allow for new ways to facilitate and improve access to legal help, but innovations must still comply with the laws, especially when the laws are meant to safeguard important policy concerns.

Pg 14 of 15

If the laws are thought to be stifling towards legal innovations, then Congress, not this Court, is the avenue to change these laws.

This Court's finding that the Local Attorneys and Upright Law did not form a single law firm leads this Court to find that the fee-sharing agreement is in violation of section 504.

This Court finds that the Local Attorneys' status as members of separate legal entities and not a single law firm with Upright Law also means the Local Attorneys are not members, partners, or regular associates in a professional association, corporation, or partnership with Upright Law within meaning of Section 504. Violation of Section 504 requires disgorgement of fees. Therefore, this Court holds that fees paid to Upright Law in the Consolidated Cases be disgorged and turned over to the Trustee. Therefore,

**IT IS ORDERED THAT** Trustee's Motion for Order directing Upright Law to Disgorge Attorney Fees and Directing that the Trustee Pay Attorney Fees to Michael Doyel is **GRANTED**; and

**IT IS FURTHER ORDERED THAT** Upright Law turnover all fees paid to Upright Law by the debtors in the Consolidated Cases to Trustee **within fourteen (14) days** of the date of this Order; and

**IT IS FURTHER ORDERED THAT** Trustee is to pay all fees received from Upright Law to the Local Attorneys representing the debtors in the Consolidated Cases; and

**IT IS FURTHER ORDERED THAT** Trustee pay all other attorney fees due to the Local Attorneys representing the debtors in Consolidated Cases.

_Kathy A. Surratt-States_
KATHY A. SURRATT-STATES
Chief United States Bankruptcy Judge

DATED: October 10, 2018
St. Louis, Missouri

Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Laura Inez Richard
300 N 4th St Apt 2112
Saint Louis, MO 63102

Upright Law LLC
c/o Carmody MacDonald PC
120 S. Central Ave. Ste. 1800
St. Louis, MO 63105

Robert E. Eggmann
Carmody MacDonald P.C.
120 South Central Avenue, Ste 1800
Clayton, MO 63105

Diana S. Daugherty
Chapter 13 Trustee
P. O. Box 430908
St. Louis, MO 63143

Michael E. Doyel
Michael E. Doyel, LLC
10820 Sunset Office Drive - Ste 124
St. Louis, MO 63127

Kevin Chern
Upright Law / Allen Chern Law
79 West Monroe - 5th Floor
Chicago, IL 60603

Michael Doyel
c/o Carmody MacDonald PC
120 S. Central Ave.- Ste 1800
St. Louis, MO 63105